**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| HENRY JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-4138 |
| | § | |
| HOUSTON INDEPENDENT SCHOOL | § | |
| DISTRICT, RICHARD BARAJAS and | § | |
| CHUCK FIMBLE, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The plaintiff, Henry Jackson, sued his former employer, the Houston Independent School District; the principal of the high school where Jackson taught, Richard Barajas (in his official capacity); and the human resources generalist for HISD, Chuck Fimble. Jackson, an African American male, alleged race and sex discrimination. The defendants timely removed. Jackson moved to remand, arguing that he had only asserted claims under state law, (Docket Entry No. 5), and the defendants responded, (Docket Entry No. 6). Based on the pleadings, the motion and response, and the applicable law, this court denies the motion to remand. The reasons are explained below.

**I.     The State Court Petition**

Jackson's petition contained a statement of jurisdiction, stating that "[t]his action is brought pursuant to Chapter 21 of the Texas Labor Code, to remedy discriminatory employment practices, and the common law of the State of Texas." (Docket Entry No. 1, Ex. 1, ¶ 6). He asserted that the state court had jurisdiction "pursuant to Chapter 21 of the Texas Labor Code." (*Id.*, ¶ 7). In the

section of the petition labeled "Nature of Action," Jackson stated that "[t]his action arises under the

Texas Commission on Human Rights Act, the TEX. LAB. CODE § 21.001 *et seq.*, HISD Board

Policies and HISD Statement of Understanding because the Plaintiff was discriminated against on

account of his race and sex, African American male." (*Id.*, ¶ 11).  In the statement of the claims,

Jackson alleged as follows:

<u>Count 1–Discrimination</u>

> 12.     Plaintiff was at all times material to this action, an employee
> of defendant within the meaning of Title VII and belongs to classes
> protected under the statute, namely employees protected from race
> and sex discrimination.
>
> 13.     Defendant is an employer within the meaning of Title VII.
>
> 14.     Jackson's suit against HISD, Barjas, and Fimble arises from
> their actions.  They made the decision to terminate Jackson based on
> his race and sex, in violation of state and federal statutes, and the
> federal and Texas Constitutions.

(*Id.*, ¶¶ 12-14).

Jackson alleged that HISD terminated him from his position at Milby High School after he

was accused of sexual misconduct with students.  Jackson alleged that he was told that he could be

reinstated as a teacher and coach if the charges were unsubstantiated.  Jackson alleged that Barajas

and HISD did not conduct an "official or thorough" investigation because Jackson is African

American.  Instead, he alleged that HISD "prompted" his prosecution, but he was acquitted.  The

defendants timely removed, asserting federal question jurisdiction.  Jackson has moved to remand,

arguing that he did not assert a claim based on any federal statute or the federal Constitution.

**II.     Analysis**

The defendants assert that this court has jurisdiction under 28 U.S.C. § 1331, which provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." A case arises under federal law if it is apparent from the face of the plaintiff's complaint that the cause of action asserted was created by federal law. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28, 101 S. Ct. 2841 (1983). In the motion to remand, Jackson asserts that he did not refer to federal law in his petition "as claims or as the basis for his action herein." (Docket Entry No. 5 at 1). He points out that in the "Nature of Action" part of the petition, he stated that the "action arises under the Texas Commission on Human Rights Act, the TEX. LAB. CODE § 21.001 *et seq.*, HISD Board Policies and HISD Statement of Understanding." (*Id.* at 2).

Federal question jurisdiction under 28 U.S.C. § 1331 is subject to the well-pleaded complaint rule. Such jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S. Ct. 2425 (1987). "A federal question "is presented" when the complaint invokes federal law as the basis for relief. It does not suffice that the facts alleged in support of an asserted state-law claim would *also* support a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 13, 123 S. Ct. 2058 (2003) (Scalia, J., dissenting) (emphasis in original). "The [well-pleaded-complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Williams*, 482 U.S. at 392, 107 S. Ct. 2425; *see also* 13D CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER & RICHARD D. FREER, FEDERAL PRACTICE AND PROCEDURE § 3566, at 294-95 (noting that, as the master of his complaint, a plaintiff my avoid

removal by pleading only state-law claims unless there is some other basis for federal jurisdiction, such as diversity of citizenship).

In this case, Jackson's petition clearly stated that he was suing under federal law.  In the section of the petition headed "Count 1 –Discrimination," Jackson alleged that he was an employee *under Title VII* and belonged to a class protected under that statute, employees protected from race and sex discrimination; that HISD was an employer "*within the meaning of Title VII*"; and that his "suit against HISD, Barajas, and Fimble arises from their actions.  They made the decision to terminate Jackson based on his race and sex, *in violation of* state and *federal statutes*, *and the federal and Texas Constitutions*."   (Docket Entry No. 1, Ex. 1, ¶¶ 12-14 (emphasis added)).  The petition, on its face, clearly states a claim for a violation of Title VII and the United States Constitution.

This is not a case in which the plaintiff merely alleged facts that would also support a federal claim, or in which the plaintiff merely referred to a federal claim.  Instead, he alleged that the defendants had acted in violation of federal law.  And he made that allegation in the section of the petition entitled "Count 1–Discrimination."

The motion to remand is denied.

SIGNED on February 16, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

4