## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| HENRY JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-4138 |
| | § | |
| HOUSTON INDEPENDENT SCHOOL | § | |
| DISTRICT, RICHARD BARAJAS and | § | |
| CHUCK FIMBLE, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The plaintiff, Henry Jackson, sued his former employer, the Houston Independent School District (HISD); the principal of the high school where Jackson taught, Richard Barajas (in his official capacity); and the HISD human-resources generalist, Chuck Fimble. It appears that only Barajas has been served. Jackson, an African-American male, alleged race and sex discrimination. After Barajas timely removed, Jackson moved to remand, arguing that he had only asserted claims under state law. (Docket Entry No. 5). This court denied Jackson's motion to remand. (Docket Entry No. 7). He has moved for reconsideration of that ruling or, in the alternative, for leave to amend his state court petition to assert only state-law claims. (Docket Entry No. 9). Barajas has responded. (Docket Entry No. 12). Based on the pleadings, the motion and response, and the applicable law, this court denies both motions. The reasons are explained below.

**I.  The State Court Petition**

Jackson's petition stated that "[t]his action is brought pursuant to Chapter 21 of the Texas Labor Code, to remedy discriminatory employment practices, and the common law of the State of

Texas," and that the state court had jurisdiction under Chapter 21 of the Texas Labor Code. (Docket Entry No. 1, Ex. 1, ¶¶ 6, 7). In the section labeled "Nature of Action," the petition stated that "[t]his action arises under the Texas Commission on Human Rights Act, the TEX. LAB. CODE § 21.001 *et seq.*, HISD Board Policies and HISD Statement of Understanding because the Plaintiff was discriminated against on account of his race and sex, African American male." (*Id.*, ¶ 11). In the statement of the claims, the petition stated as follows:

Count 1–Discrimination

> 12.    Plaintiff was at all times material to this action, an employee of defendant within the meaning of Title VII and belongs to classes protected under the statute, namely employees protected from race and sex discrimination.
>
> 13.    Defendant is an employer within the meaning of Title VII.
>
> 14.    Jackson's suit against HISD, Barjas, and Fimble arises from their actions. They made the decision to terminate Jackson based on his race and sex, in violation of state and federal statutes, and the federal and Texas Constitutions.

(*Id.*, ¶¶ 12-14).

In the petition, Jackson alleged that HISD terminated him from his position at Milby High School after he was accused of sexual misconduct with students. Jackson alleged that he was told that he could be reinstated as a teacher and coach if the charge were found to be unsubstantiated. Jackson alleged that because of his race, Barajas and HISD did not conduct an "official or thorough" investigation into the sexual misconduct charge and that HISD "prompted" his prosecution. Jackson was acquitted but was not reinstated.

Jackson filed this suit in state court and Barajas timely removed, asserting federal question jurisdiction. In his motion to remand, Jackson argued that he did not assert a claim based on any

federal statute or the federal Constitution. This court denied the motion. (Docket Entry No. 7) Jackson has moved for reconsideration of that ruling, or, in the alternative, for leave to file an amended complaint. (Docket Entry No. 9). Barajas has responded. (Docket Entry No. 12).

## II.     The Legal Standard

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Sheperd v. International Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004); *see also St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). Reconsideration motions are generally analyzed under the standards for a motion to alter or amend judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir.1998). Rule 59(e) governs when the reconsideration motion is filed within 28 days of the challenged order or when the motion seeks reconsideration of an interlocutory order. *Steadfast Ins. Co. V. SMX 98, Inc.*, No. 06-2736, 2009 WL 3190452 (S.D. Tex. Sept. 28, 2009) (drawing the line at 10 days instead of 28 days because the case was decided before the amendments to Rule 59 took effect on December 1, 2009). The order denying remand was an interlocutory order, meaning that the motion falls under Rule 59(e).

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (citing *In re TransTexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (quoting *Simon v.*

*United States*, 891 F.2d 1154, 1159 (5th Cir.1990)). Relief is also appropriate when there has been an intervening change in the controlling law. *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). The Fifth Circuit warns that altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479; *see also* 11 CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d ed. 1995). The Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

**III.   Analysis**

In denying the motion to remand, this court held that jurisdictions was proper under 28 U.S.C. § 1331, which provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." A case arises under federal law if it is apparent from the face of the plaintiff's complaint that the cause of action asserted was created by federal law. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28, 101 S. Ct. 2841 (1983). Federal question jurisdiction under 28 U.S.C. § 1331 "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S. Ct. 2425 (1987). "A federal question "is presented" when the complaint invokes federal law as the basis for relief. It does not suffice that the facts alleged in support of an asserted state-law claim would *also* support a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 13, 123 S. Ct. 2058 (2003) (Scalia, J., dissenting) (emphasis in original). "The [well-pleaded-complaint] rule makes the plaintiff the master of the

4

claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Williams*, 482 U.S. at 392, 107 S. Ct. 2425.

In denying the remand motion, this court held that Jackson did not rely exclusively on state law in his state court petition. Instead, he alleged that he was an employee *under Title VII* and belonged to a class protected under that statute, employees protected from race and sex discrimination; that HISD was an employer "*within the meaning of Title VII*"; and that his suit against HISD, Barajas, and Fimble arose from their "decision to terminate Jackson based on his race and sex, *in violation of* state and *federal statutes*, *and the federal and Texas Constitutions*." (Docket Entry No. 1, Ex. 1, ¶¶ 12-14 (emphasis added)). Because of those allegations, this court held that the petition on its face clearly stated a claim for a violation of Title VII and the United States Constitution.

In moving for reconsideration, Jackson asserts that this court erred because he stated in the petition that his action arose under Texas law. Jackson argues that his references to Title VII were included only because the Texas law on which he relied, the Texas Commission on Humans Rights Act, TEX. LAB. CODE § 21.001, *et seq.*, is interpreted in accordance with Title VII. Jackson's argument is unpersuasive. Even if the use of Title VII definitions in the Texas statute explains Jackson's reference to Title VII to describe his status as an employee and HISD's status as an employer, it does not explain Jackson's allegation that the decision to fire him violated "state and federal statutes, and the federal and Texas Constitutions." (Docket Entry No. 1, ¶ 14). Rather, Jackson's petition clearly alleged that the defendants violated federal law.

Jackson's assurances in his remand motion, repeated in his reconsideration motion, that he is only advancing a state-law claim, do not support reconsideration. The Supreme Court has directed

federal courts to focus their remand inquiry on the face of the complaint. *Franchise Tax Bd.*, 463 U.S. at 27-28, 103 S. Ct. 2841; *see also Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008). The face of Jackson's state court petition clearly states a claim under federal law. There is no basis for altering or amending this court's previous ruling denying remand.

Jackson's request for leave to amend to eliminate references to federal law does not support reconsideration. "In removed cases, the existence of federal subject matter jurisdiction is determined at the time of removal." *Nolan v. Boeing Co.*, 919 F.2d 1058, 1063 n.5 (5th Cir. 1990). Federal removal jurisdiction is based on "the complaint at the time the petition for removal was filed." *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993). "'It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed.'" *Coleman v. Louisville Pants Corp.*, 691 F.2d 762, 764 (5th Cir. 1982) (quoting *In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980)). After removal, a "plaintiff cannot rob the district court of subject matter jurisdiction by electing to amend away the grounds for federal jurisdiction." *Carter*, 618 F.3d at 1101. "The rule that a plaintiff cannot oust removal jurisdiction serves the salutary purpose of preventing the plaintiff from being able to destroy the jurisdictional choice that Congress intended to afford a defendant in the removal statute." *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir. 1985). Because Jackson's only reason for moving to amend is to support remand, the motion is denied.

**IV.    Conclusion**

Jackson's motion for reconsideration and motion for leave to amend are denied.

SIGNED on May 12, 2010, at Houston, Texas.

_____
Lee H. Rosenthal

                                        United States District Judge